**Sandeep KUMAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73340.
Agency No. A95–583–610.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

R.App. P. 34(a)(2).

Olumide K. Obayemi, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Efthimia S. Pilitsis, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM**

Sandeep Kumar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility determination for substantial evidence. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001). We grant the petition for review and remand for further proceedings.

The IJ's adverse credibility finding is not supported by substantial evidence because any inconsistency as to whether or not Kumar stayed at the gurdwara once he arrived in the United States is minor and does not "relate to the basis for his alleged fear of persecution." *Id.* at 1043 (quoting *de Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997)). Further-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

more, while the letter from Kumar's treating doctor does not mention the injury to his hand, this does not render the letter inconsistent with his testimony. *See Singh v. Ashcroft*, 301 F.3d 1109, 1112 (9th Cir. 2002) (the omission of a detail included in an applicant's oral testimony does not make a supporting document inconsistent or incompatible, and thus will not support an adverse credibility finding). Similarly, the affidavits submitted by Kumar are not inconsistent with his testimony because while they do not mention his uncle or father, they do state that he was arrested and tortured by police because they believed he was supporting militants. *See id.* The IJ's reliance on "the argument cited by the Service in its closing argument" that Kumar's responses are "simply not persuasive" is not sufficient to uphold the adverse credibility finding because it does not give any specific examples, or indicate to what portion of the government's closing argument he is referring. *See Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir. 1998).

■ As the agency did not address whether Kumar's testimony, when deemed credible, is sufficient to establish eligibility for asylum, withholding of removal, or relief under the CAT, we remand for further proceedings. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

We grant Kumar's motion to file a late reply brief. The clerk shall file the reply brief received on May 20, 2005.

**PETITION FOR REVIEW GRANTED; REMANDED.**